### COTTON v. NEW YORK, L. E. & W. R. Co.

*(Supreme Court, General Term, Fifth Department.* October 21, 1892.)

1. RAILROADS—ACCIDENT AT CROSSING—DEFECTS.
    A railroad company, which so constructs a farm crossing as to leave the space
    between the rail and the plank of unusual size, and large enough to take in the foot
    of a horse, is liable for any injury resulting.
2. JURY—SUMMONING BYSTANDERS—EXCUSING REGULAR JURORS.
    The fact that such a number of jurors are excused before adjournment of court,
    to allow of their reaching home before Sunday, that only ten of the regular panel
    remain, and two therefore have to be taken from the bystanders, cannot be urged
    as an objection to the panel, so long as they are all competent, impartial men.

Appeal from circuit court, Allegany county.

Action by Samuel C. Cotton against the New York, Lake Erie & Western
Railroad Company. From a judgment for plaintiff, and an order denying a
new trial, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*George F. Brownell,* for appellant. *S. M. Norton,* for respondent.

MACOMBER, J. This action was brought to recover the value of a horse
belonging to the plaintiff, which was killed by the defendant's locomotive,
together with certain other damages to his harness and wagon. While pass-
ing the farm crossing on the defendant's railroad, through the lands of one
Hubbard Cotton, in the town of Friendship, N. Y., one of the plaintiff's
teams of horses caught his foot between the plank and the rail in such a man-
ner that he was unable to extricate himself. A train of the defendant's cars
soon came along, and its locomotive struck the horse while in that position,
and killed him; the other horse escaping, as did likewise the occupants of the

wagon. No question is made touching the amount of recovery. It was the duty of the defendant to maintain a proper and safe crossing at this point. This it failed to do. Whatever may have been the original construction of the plank adjacent to the rail where the horse's hoof was caught, it is shown satisfactorily by the evidence returned that the space between the rail and the plank was unusual, and such as might produce accidents of this description. We do not deem it necessary to enter upon the evidence in detail. The horses were being carefully driven across the place, in the usual and ordinary manner, and in the customary track. The horse's hoof and shoe were of the usual dimensions, so far as appears; but the space mentioned left by the railway company between the rail and the plank was so great as readily to receive the horse's hoof, or a portion of it, in such a manner as to hold him as in a vise. Upon the merits, we think the verdict was right.

There are sundry exceptions in the case, only one of which, however, needs to be mentioned. It seems that the trial, on the day of the month named, took place on a Saturday at the courthouse in the village of Belmont, N. Y. Many of the jurors in attendance as members of a regular panel for that term, in order to reach home by the usual routes of travel, were obliged to leave the village of Belmont before the evening, and probably before the trial of this action could be concluded. Thereupon the court excused such jurors, and they were not impaneled or called in the case. So many of the jurors left the court under this very reasonable and proper direction of the learned judge that only ten of the original panel remained, and consequently two bystanders were called to take the places of those who had been excused. To this objection was made, and exceptions taken in various forms by counsel then, but not now, acting for the defendant. We think there is no merit in the objection, and that the exceptions thereto were frivolous. The justice at the circuit is something more than a mere moderator. The duty is devolved by law upon him to conduct a court, and direct all of its proceedings. If he see fit to permit to go home on Saturday, at a certain hour of the day, certain jurors, who otherwise would be obliged to remain away from home through Sunday, he has the right, in the exercise of his judgment and discretion, to permit it, and it is not within the province of counsel to undertake to usurp by fatuous objection his constitutional functions, and intrude themselves upon the bench. So long as 12 competent and impartial men are actually impaneled, to none of whom any statutory or other objection could be made, the defendant has no cause to complain, and should not be permitted to object to the proceedings directed by the court in respect to the exercise of the discretion imposed in the judge in excusing jurors. The judgment and order appealed from should be affirmed.